# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

CHARLES WASHINGTON,

    Petitioner,

v.                                                       Case Number: 08-CV-10724

LLOYD W. RAPELJI,

    Respondent.
                                       /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DECLINING TO ISSUE PETITIONER A CERTIFICATE OF APPEALABILITY

Petitioner Charles Washington, a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent did not file an answer but instead filed a motion to dismiss, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner had forty-five days from Respondent's filing, or until November 6, 2008, in which to file a response to Respondent's motion. The court, *sua sponte*, extended Petitioner's time for a response by approximately two weeks. To date, Petitioner has not filed a response to Respondent's motion.

For the reasons stated below, the court now grants Respondent's motion to dismiss, thereby dismissing Petitioner's petition for writ of habeas corpus. The court also declines to issue Petitioner a certificate of appealability.

## I. BACKGROUND

On November 25, 2002, a jury convicted Petitioner of first-degree murder[1] in Wayne County Circuit Court. Petitioner was sentenced to life imprisonment without the possibility of parole. Petitioner filed his first appeal as of right from that decision with the Michigan Court of Appeals, challenging his conviction and sentence on the following grounds:

> I. Whether the circuit court abused its discretion in denying [Petitioner's] requests for new appointed counsel.
>
> II. Whether there was sufficient evidence of premeditation and deliberation to support [Petitioner's] conviction of first-degree murder.
>
> III. Whether trial counsel's failure to produce a witness denied [Petitioner] the effective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on May 13, 2004. *People v. Washington*, No. 247127, 2004 WL 1080198 (Mich. Ct. App. May 13, 2004). Petitioner's motion for reconsideration was also denied. *People v. Washington*, No. 247127 (Mich. Ct. App. July 16, 2004).

Subsequently, Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court, raising the same claims as raised in the court of appeals. The Michigan Supreme Court denied Petitioner's application on February 28, 2005. *People v. Washington*, 692 N.W.2d 845 (Mich. 2005).

Petitioner then filed a motion for relief from judgment pursuant to M.C.R. 6.500 *et. seq.*, in the Wayne County Circuit Court, raising the following claims:

---

[1] Mich. Comp. Laws § 750.316.

> I. Whether the circuit court failed to instruct the jury that it could find defendant not guilty of all charges.
>
> II. Whether there was sufficient evidence to support a conviction for first- or second-degree murder.

On September 18, 2006, the trial court denied Petitioner's motion for relief from judgment. *People v. Washington*, No. 02-11228-01 (Wayne County Circuit Court, Sept. 18, 2006).

Just over one year later, on September 17, 2007, Petitioner filed a delayed application for leave to appeal from that decision with the Michigan Court of Appeals. In a September 18, 2007 letter, the court of appeals informed Petitioner that his papers were defective, listed the defects, and advised Petitioner that his appeal might be dismissed if those defects were not cured within twenty-one days. (Pet.'s Petition, Ex. E.) Subsequently, on November 21, 2007, the court of appeals dismissed Petitioner's delayed application for leave to appeal "for failure to pursue the case in conformity with the rules." *People v. Washington*, No. 2860611 (Mich. Ct. App. Nov. 21, 2007).

On January 17, 2008, the Michigan Supreme Court received Petitioner's delayed application for leave to appeal. However, on that same day, the Michigan Supreme Court returned Petitioner's pleadings "because your pleadings were received beyond the rule-prescribed time limitation. See MCR 7.302(C)(2)." (Pet.'s Petition, Ex. G.)

Petitioner filed his petition for a writ of habeas corpus with this court, on February 21, 2008, raising claims of instructional error, sufficiency of the evidence, and ineffective assistance of counsel.

## II. STANDARD

In his motion to dismiss, Respondent argues that Petitioner's petition should be

dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. §§ 2244(d)(1)(A) - (D). Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court.

4

*Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." S. Ct. R. 13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending tolls any period of limitation contained in the statute. A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is only effective when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

### III. DISCUSSION

### A. Timeliness of Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on February 28, 2005. Petitioner then had ninety days from that order, or until May 29, 2005, in which to seek a writ of certiorari with the United States Supreme Court. Sup Ct. R. 13. Thus, for statute of limitations purposes,

Petitioner's conviction became final on or about May 29, 2005. The limitations period commenced the following day, May 30, 2005, and continued to run uninterrupted until it expired on May 30, 2006. Accordingly, Petitioner was required to file his habeas petition on or before May 30, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

Indeed, Petitioner filed a post-conviction motion in state court, seeking relief from judgment, on April 20, 2006, forty days before the limitations period for his habeas relief expired. Because the filing of the motion tolled the statute of limitations period, rather than starting it anew, Petitioner thus had forty days after the conclusion of those proceedings in which to file his habeas action. Here, the state court proceedings concluded when the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on November 21, 2007. Although Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, his pleading was untimely, and does not toll the AEDPA's limitations period. *Evans v. Chavis*, 546 U.S. 189, 197 (2006) ("[O]nly a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court.") (citing *Saffold*, 536 U.S. at 219-20). The statute of limitations in this case therefore expired on December 31, 2007 – forty days after the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal.

Petitioner's unsigned application for writ of habeas corpus was filed with this court on February 21, 2008, almost two months after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas relief by the

6

untimely filing of his petition.

## B. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and thus the court will not issue a COA.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Respondent's "Motion to Dismiss for the Failure to Comply with the One-Year Statute of Limitations" [Dkt. # 9] is GRANTED, and Petitioner's "Application for Writ of Habeas Corpus 28 U.S.C. § 2254" [Dkt. # 1] is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 26, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 26, 2008, by electronic and/or ordinary mail.

      S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522